IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GENE AUDRA GUINN           § | |
| § | |
| Petitioner,           § | |
| § | |
| VS.           § | |
| § | NO. 3-06-CV-1878-D |
| NATHANIEL QUARTERMAN, Director           § | |
| Texas Department of Criminal Justice,           § | |
| Correctional Institutions Division           § | |
| § | |
| Respondent.           § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Gene Audra Guinn, appearing *pro se*, has filed a pleading entitled "Petition for Leave to Proceed Under the Rooker-Feldman Doctrine for Answer to Federal Question." For the reasons stated herein, the pleading should be treated as a successive section 2254 habeas petition and dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Petitioner was convicted of indecency with a child and sentenced to 68 years confinement. His conviction and sentence were affirmed on direct appeal. *Guinn v. State*, No. 05-00-01251-CR, 2001 WL 1466816 (Tex. App.--Dallas, Nov. 20, 2001, pet. ref'd). Petitioner also challenged his conviction on collateral review in state and federal court. His state writ was denied without written order. *Ex parte Guinn*, No. 7463-03 (Tex. Crim. App. Jul. 16, 2003). A federal writ was dismissed on limitations grounds. *Guinn v. Dretke*, No. 3-04-CV-0015-R (N.D. Tex. Feb. 13, 2004), *COA denied*, No. 04-10357 (5th Cir. Aug. 17, 2004), *cert. denied*, 126 S.Ct. 76 (2005).

Petitioner now challenges his conviction on the ground that the state habeas court acted "legislatively and not judicially" in finding that Tex. Code Crim. Proc. art. 32.01, which authorizes the dismissal of criminal charges for failing to timely indict the accused, was not applicable to his case. Before addressing this claim on the merits, the court must determine whether petitioner can even seek relief without prior approval from the court of appeals.

II.

Although petitioner purports to bring this action under the *Rooker-Feldman* doctrine, it is clear that he is collaterally attacking his state conviction. This can be done only through a writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser Rodriguez*, 411 U.S. 475, 487-88, 93 S.Ct. 1827, 1835-36, 36 L.Ed.2d 439 (1973) (holding that challenge to the "actual confinement in prison" must be brought as habeas corpus action). Petitioner's attempt to circumvent this process by invoking *Rooker-Feldman* is unavailing as "[i]t is well-settled that the *Rooker-Feldman* doctrine does not touch the writ of habeas corpus." *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) (citing cases).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## **RECOMMENDATION**

Petitioner's request for leave to proceed under the *Rooker-Feldman* doctrine should be treated as a successive section 2254 habeas petition and dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE